**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Webb,<br><br>        Plaintiff,<br><br>vs.<br><br>United States Department of Veterans Affairs, et al.,<br><br>        Defendants. | No. CV-19-02955-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss (Doc. 16) and Plaintiff's Motion to Amend (Doc. 21). The Court rules as follows.

### I. Background

Plaintiff filed a complaint[1] on May 9, 2019 against the United States Department of Veterans Affairs, Scott Neibauer, Robert Muller, Dominic Lopez, and Alan Barone (Doc. 1). The complaint alleges that Veterans Administration Medical Center police officers conspired to falsify, alter, and delete police records, ultimately resulting in Plaintiff's conviction of a class 6 felony (Doc. 1 at 4). The complaint further alleges that although the conspiracy was discovered during an internal investigation, Defendants failed to cease

---

[1] Plaintiff's complaint totals six pages (Doc. 1), with the statement of claim contained within a paragraph on page three (Doc. 1 at 3). In his response, Plaintiff states that the complaint totals 370 pages and includes twenty-five causes of action (Doc. 19 at 3). For purposes of the Motion to Dismiss (Doc. 16), the Court considers only the complaint as filed on the record (Doc. 1).

prosecution (Doc. 1 at 4).[2]

**II.    Legal Standard**

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face;' that is, plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), *abrogated on other grounds by Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007).

A complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equal "probability," but still requires more than a sheer possibility that a defendant acted unlawfully. *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (citation and internal quotation marks omitted).

In deciding a motion to dismiss, the Court must "accept as true the well-pleaded

---

[2] The Complaint also alleges violations of the Health Insurance Portability and Accountability Act ("HIPAA") (Doc. 1 at 4). In his response, Plaintiff concedes that no private cause of action exists under the statute (Doc. 19 at 7). *See Webb v. Smart Document Sols, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no private right of action."); *Haywood v. Bedatsky*, No. CV-05-2179-PHX-DGC, 2007 WL 9724688, at *1 (D. Ariz. Mar. 2, 2007) ("HIPAA provides, however, that the Secretary of Health and Human Services, not a private individual, 'shall pursue the action against an alleged offender.'" (quoting *Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 155 (D.D.C. 2004))). The Court will thus dismiss this claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

allegations of material fact," and construe those facts "in the light most favorable to the nonmoving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "[A]llegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," however, are insufficient to defeat a 12(b)(6) motion. Although a complaint "does not need detailed factual allegations," a plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires "more than labels and conclusions, [or] a formulaic recitation of a cause of action's elements." *Id*.

A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *Zemelka v. Trans Union LLC*, No. CV-18-04179-PHX-SMB, 2019 WL 2327813, at *1 (D. Ariz. May 31, 2019) (*citing United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id*. Additionally, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Lovelace v. Equifax Info. Servs. LLC*, No. CV-18-04080-PHX-DWL, 2019 WL 2410800, at *1 (D. Ariz. June 7, 2019) (*citing Ritchie*, 342 F.3d at 908). A plaintiff need "not explicitly allege the contents of that document in the complaint" for the court to consider it, as long as the "plaintiff's claim depends on the contents of [the] document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "[T]he district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

**III.   Malicious Prosecution**

Defendants argue that, based on the totality of the complaint, Plaintiff appears to be alleging a claim for malicious prosecution (Doc. 16 at 3). Plaintiff, in response, objects to

this classification of his claim, arguing "[t]he listed defendants only supplied a falsified Criminal Investigation to the State of Arizona who then prosecuted [him] based on the falsified information provided." (Doc. 19 at 3). Plaintiff thus argues he is not alleging a malicious prosecution claim as he has not brought this action against the State (Doc. 19 at 3).

Defendant is correct that the complaint does not pinpoint a specific constitutional right at issue. The Court, however, also interprets Plaintiff's allegation as a *Bivens*[3] claim for malicious prosecution. "A *Bivens* claim of malicious prosecution derived from falsified evidence seeks to vindicate rights protected directly by the Fourth Amendment."[4] *Martinez v. City of W. Sacramento*, No. 2:16-cv-02566-TLN-EFB, 2019 WL 448282, at *22 (E.D. Cal. Feb. 5, 2019). In addition, it is well-established "that 'malicious prosecution actions are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed." *West v. City of Mesa*, 128 F. Supp. 3d 1233, 1241 (D. Ariz. 2015). Thus, "[a] criminal defendant may maintain a malicious prosecution claim not only against prosecutors but also against others—including police officers and investigators—who wrongfully caused his prosecution." *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011). To maintain a *Bivens* action for malicious prosecution, "a plaintiff must show that 'the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] [a] specific constitutional right.'" *Smith*, 640 F.3d at 938 (third alteration in original) (quotation omitted). "An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004).

---

[3] Under the doctrine set forth in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), "courts may extend a cause of action for money damages for certain constitutional violations." *Rodriguez v. Swartz*, 899 F.3d 719, 734 (9th Cir. 2018).

[4] "The Fourth Amendment addresses the matter of pretrial deprivations of liberty." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (plurality opinion).

4

Upon review, however, the Court finds that Plaintiff's claim would not be recognized under *Bivens*. In *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), the Supreme Court recently cautioned that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity" and set forth a two-part test to determine whether a *Bivens* claim may proceed. 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675). A court must first consider whether the claim at issue extends *Bivens* in a new context from previously established *Bivens* cases, and, if so, a court must then apply a "special factors analysis" to determine whether there are "special factors counselling hesitation" in expanding *Bivens*. *Id.* at 1857, 1859-60.

It is immaterial whether this Court, the Ninth Circuit Court of Appeals, or other district and appellate courts have recognized a particular *Bivens* claim; the Supreme Court has stated that "[t]he proper test for determining whether a case presents a new *Bivens* context is as follows: If the case is different in a meaningful way from previous *Bivens* cases *decided by this Court*, then the context is new." *Id.* at 1859 (emphasis added).

The Supreme Court explained that

> [a] case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 1860. This list is not exhaustive, and the "new-context inquiry is easily satisfied." *Id.* at 1865.

In *Bivens*, the Supreme Court recognized an implied cause of action for damages for persons injured by federal officers who violated the Fourth Amendment prohibition against unreasonable searches and seizures. *See Bivens*, 403 U.S. at 396-97. Subsequently, the Supreme Court has only recognized *Bivens* claims under the Fifth Amendment Due Process Clause by an administrative assistant who claimed a Congressman had discriminated against her because of her gender, *Davis v. Passman*, 442 U.S. 228 (1979),

5

and under the Eighth Amendment prohibition against cruel and unusual punishment by a prisoner who claimed federal prison officials had failed to treat his asthma, *Carlson v. Green*, 446 U.S. 14 (1980). "These three cases . . . represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855.

Applying *Ziglar*, Plaintiff clearly seeks to extend *Bivins* as "the Supreme Court has never expressly allowed a *Bivens* claim for malicious prosecution." *Hobbs v. Devine*, No. CV 18-480 PSG (Ex), 2018 WL 5858583, at *5 (C.D. Cal. Sept. 19, 2018). Accordingly, the analysis moves on to step two, and the Court must consider whether there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 137 S. Ct. at 1857. Here, the Court finds that special factors caution against allowing Plaintiff to pursue a *Bivens* action for damages against the federal officers for malicious prosecution:

> It is sufficient for the Court to recognize that 'Congress might doubt the efficacy or necessity of a damages remedy' because there is a risk that it would interfere with prosecutorial discretion, disincentivize law enforcement from sharing information with prosecutors, and disincentivize private citizens from sharing information with law enforcement.

*Boudette v. Sanders*, No. 18-cv-02420-CMA-MEH, 2019 WL 3935168, at *7 (D. Colo. Aug. 19, 2019). Because the issue "involves a host of considerations that must be weighed and appraised, it should be committed to those who write the laws rather than those who interpret them." *Ziglar*, 137 S. Ct. at 1857.

The Court further notes that Plaintiff is adamant in his response that he is not bringing a malicious prosecution claim, and he states that "[t]he listed defendants only supplied a falsified Criminal Investigation to the State of Arizona who then prosecuted [him] based on the falsified information provided." (Doc. 19 at 3). Plaintiff thus argues he is not alleging a malicious prosecution claim because he has not brought this action against the State (Doc. 19 at 3). As this Court has explained, malicious prosecution claims may extend to the officers who wrongfully cause the prosecution. To the extent Plaintiff

6

does indeed state a malicious prosecution claim, a *Bivens*-type remedy should not be extended. However, to the extent Plaintiff indeed intended to bring a different civil rights claim, Plaintiff has not adequately articulated what the alternative claim is, and as a result, has failed to present a cognizable claim to relief. Accordingly, Defendant's Motion to Dismiss shall be granted.

**IV.     Motion to Amend**

Plaintiff has also filed a Motion to Amend Complaint (Doc. 21). The proposed Amended Complaint centers on Plaintiff's alleged wrongful arrest at the Phoenix Veterans Administration Medical Center, his state court trial, and his conviction for resisting arrest, a class 6 felony. The Amended Complaint also adds the following new Defendants: Officer Dale Smith, AUSA Maxine Romero, Director Grippon, Director Amdur, and Director Nelson.

Except for amendments made as a matter of course or by stipulation, a party is required to obtain leave of court to amend a pleading. Fed. R. Civ. P. 15(a). Rule 15 of the Federal Rules of Civil Procedure further provides that leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In making this determination, courts consider the following relevant factors: undue delay, bad faith or dilatory motives, futility of amendment, and undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015).

Here, Plaintiff has not yet been permitted to amend his complaint. However, the Defendants state that the Plaintiff should not be permitted leave to amend because the amendment would be futile, arguing that several of the Plaintiff's claims are barred by the statute of limitations, Plaintiff has failed to name the appropriate parties as Defendants, and Plaintiff has failed to state a claim upon which relief can be granted. At this time, although Defendants make plausible arguments, the Court finds that justice requires allowing the Plaintiff an opportunity to amend his complaint. The Court does not find that the Plaintiff is seeking to amend his complaint in bad faith or that any amendment will cause prejudice to the Defendants. Additionally, the Court does not find that the Defendants have set forth

any persuasive reasons for why allowing leave to amend the complaint will cause undue delay. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 16) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 21) is **granted**. Plaintiff shall file a clean copy of the First Amended Complaint with the Clerk of Court no later than **January 3, 2020**.

Dated this 11th day of December, 2019.

Honorable Steven P. Logan
United States District Judge